IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| MICHAEL WARD | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. G-01-170 |
| | § | |
| DAVIDSON LADDERS, INC., ET AL. | § | |

## **OPINION AND ORDER**

Before the Court is the "Motion for Summary Judgment" of Defendants Louisville Ladder Group LLC, Home Depot USA, Inc., and Home Depot International, Inc.. Plaintiff, Michael Ward, has filed no response to the motion, however, a Court may not grant a default summary judgment for that reason alone.  Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988)  Rather, the Court must determine whether the movant has made a *prima facie* showing of its entitlement to summary judgment.  Vega v. Parsley, 700 F.Supp. 879, 881 (W.D. Tex. 1988)  Having given careful consideration to the Defendants' motion and summary judgment evidence, the Court now issues this Opinion and Order.

The gravamen of the Defendants' argument is that Ward's expert witness, Robert Bell, cannot offer sufficient evidence to make a submissible case on any of Ward's theories of recovery.  This Court disagrees.  After a careful reading of Bell's deposition, this Court is convinced that some of Ward's claims deserve a trial.  According to Bell, the ladder in question was being used by Ward when the left side of the upper section "kinked" in the area where he found the aluminum, after performing recognized hardness testing, to be softer than the aluminum of the right side of the ladder.  He testified that it is "likely that the softness caused" the bend in the ladder and that it, therefore, "contributed" to the occurrence of the accident.  He opined that the scientific analysis of the ladder's alleged failure amounts to little more "than

saying a chain fails at its weakest link." Assuming Ward will testify that was not abusing the ladder or using it in some unforeseeable way, the soft side of the ladder could constitute a manufacturing defect. It could also support a claim for breach of the implied warranty of fitness and/or a claim that the ladder was unfit for its ordinary purpose.

It is, therefore, the **ORDER** of this Court that the Defendants' Motion for Summary Judgment (Instrument no. 35) as to these claims is **DENIED**.

The Court agrees with the Defendants that Ward's evidence cannot support a design or marketing defect claim and their Motion for Summary Judgment (Instrument no. 35) is **GRANTED** as to these claims.

As to Ward's negligence claim, the Court, in its discretion, will allow the claim to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) Accordingly, the Defendants' Motion for Summary Judgment (Instrument no. 35) is **DENIED** as to this claim.

In light of the foregoing rulings, the "Defendants' Motion to Exclude the Testimony and Opinions of Robert T. Bell" (Instrument no. 33), the Plaintiff's "Motion for Leave to Late Designate and Supplement Plaintiff's Designation of Expert Witnesses" (Instrument no. 41) and the "Plaintiff's Motion for Continuance and an Extension of Time" (Instrument no. 42) are **DENIED**.

This cause of action remains **SET** for **Jury Trial** commencing **September 19, 2005, at 9:30 a.m.**.

**DONE** at Galveston, Texas, this _____14th_____ day of September, 2005.

_____
John R. Froeschner
United States Magistrate Judge